IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-159 |
| | ) | |
| KEVIN TRENT BUSSELL, | ) | (VARLAN/SHIRLEY) |
| LEONARD BUSSELL, a/k/a "Lynn," | ) | |
| GENEVA BUSSELL, | ) | |
| RANDY WILLIAMS, | ) | |
| NICHOLE SEAL, | ) | |
| JESSICA WILSON, a/k/a "Jessie," and | ) | |
| ALTHEA GAMBLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate.  This case is before the Court on the following pretrial motions:

(1) Defendant Randy Williams' Motion for Bill of Particulars [Doc. 96], filed on January 12, 2011, and adopted by Defendants Kevin Trent Bussell and Geneva Bussell [Doc. 343];

(2) Defendant Leonard King Bussell's Motion for Bill of Particulars [Doc. 120],[1] filed January 26, 2011, and adopted by Defendants

---

[1]The Court notes that Defendant Leonard Bussell died on October 6, 2011 [Ex. 1 to Doc. 346].  Counsel for Defendant Leonard Bussell filed a Motion to Dismiss by Reason of Abatement on October 24, 2011 [Doc. 345].  While the instant motion is no longer relevant to Defendant Leonard Bussell's case, the findings of the Court in this Memorandum and Order shall apply to Defendants Kevin Trent Bussell and Geneva Bussell's adoption [Doc. 343] of Defendant Leonard King Bussell's Motion for Bill of Particulars [Doc. 120].  In instances where a request specific to the charges against Defendant Leonard Bussell was made, the Court will treat the same request as if it were made specific to the charges against Defendant Kevin Trent

1

Kevin Trent Bussell and Geneva Bussell [Doc. 343];

(3) Defendant Jessica Wilson's Motion for Bill of Particulars [Doc. 174], filed March 11, 2011;

(4) Defendant Nichole Seal's Motion for Bill of Particulars [Doc. 193], filed March 18, 2011; and

(5) Defendant Althea Gamble's Motion for Bill of Particulars [Doc. 201], filed March 25, 2011, and adopted by Leonard Bussell [Doc. 343].[2]

The parties appeared before the undersigned for a motion hearing on May 13, 2011. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. The following defense counsel were present, along with their clients: Attorney John E. Eldridge, representing Defendant Kevin Trent Bussell, Attorney G. Scott Green, representing Defendant Leonard King Bussell, Attorney Tommy K. Hindman, representing Defendant Geneva Bussell, Attorney Russell T. Greene, representing Defendant Jackie Mize, Attorney Jonathan D. Cooper, representing Defendant Nicole Seal, and Attorney Robert R. Kurtz, representing Defendant Jessica Wilson. Attorney Mike Whalen represented Defendant Randy Williams,[3] and Attorney Gerald L. Gulley, Jr., represented Defendant Althea Gamble, who were not present. After hearing the arguments of the parties, the Court took the motions under advisement. The Court now addresses each of these motions in turn.

---

Bussell or Defendant Geneva Bussell, where appropriate.

[2]As Defendant Leonard King Bussell has died, his adoption of Defendant Althea Gamble's Motion for Bill of Particulars [Doc. 201] is no longer relevant to his case.

[3]Defendant Randy Williams withdrew all of his pending motions at the start of the May 13, 2011 motion hearing. To the extent that his motions have been adopted by co-defendants, they will be addressed in this Memorandum and Order, and the Court's rulings will apply to the co-defendants.

The Defendants are charged in varying counts of a seven-count Indictment [Doc. 3] with conspiracy to distribute controlled substances, firearms offenses, and money laundering. Defendant Leonard King Bussell's Motion for Bill of Particulars [Doc. 120], as adopted by Defendants Kevin Trent Bussell and Geneva Bussell [Doc. 147], asks the Court to order the Government to provide a bill of particulars on the following:

With regard to the Drug Trafficking Forfeiture Allegations in Count One:

(1) Whether the approximately $9,222.80 in U.S. currency seized from 445 Moody Hill Road, Tazewell, Tennessee on November 23, 2010 (c), is subject to forfeiture because it constitutes property derived from illegal activity, or whether it is subject to forfeiture because the property was used, or intended to be used to commit or facilitate the commission of illegal activity;

(2) Whether the real property described in (b), is subject to forfeiture because it constitutes property derived from illegal activity, or because the property was used, or intended to be used to commit or facilitate the commission of illegal activity;

(3) Whether the automobile described in (g), is subject to forfeiture because it constitutes property derived from illegal activity, or because the property was used, or intended to be used to commit or facilitate the commission of illegal activity;

With regard to Count Six:

(4) With regard to the firearms alleged to have been possessed: the make and model, location of each when seized, whether each firearm was or was not loaded or had ammunition in close proximity to it, whether each firearm was possessed legitimately or was stolen, and the Defendant's proximity to the firearms when they were seized by law enforcement on November 23, 2010;

With regard to Count Seven:

(5) The specific financial transactions that are the overt acts in furtherance of the conspiracy alleged in Count Seven, including

3

which persons engaged in the transactions, the date of each transaction and the overt acts in furtherance of it, and the location of each transaction;

With regard to the Money Laundering Forfeiture Allegations in Count Seven:

(6) Whether the approximately $9,222.80 in U.S. currency seized from 445 Moody Hill Road, Tazewell, Tennessee on November 23, 2010 (b), is subject to forfeiture because it constitutes property derived from illegal activity, or because the property was used, or intended to be used to commit or facilitate the commission of the alleged offense; and

(7) Whether the automobile described in (g), is subject to forfeiture because it constitutes property derived from illegal activity, or whether it is subject to forfeiture because the property was used, or intended to be used to commit or facilitate the commission of illegal activity.

Defendant Randy Williams' Motion for Bill of Particulars [Doc. 96], as adopted by Defendant Kevin Trent Bussell, asks the Court to order the Government to provide a bill of particulars on the following:

With regard to Count One:

(1) All persons with whom the Defendant acted in concert during the course of the alleged conspiracy, and persons otherwise present at all relevant conversations or transactions;

(2) State with specificity and particularity the role of the Defendant in the alleged conspiracy;

(3) State with specificity and particularity the dollar amount the Defendant received from his activities and the date the proceeds were received;

(4) State with specificity and particularity the exact date the Defendant is alleged to have entered the conspiracy;

(5) State with specificity and particularity the person or persons with whom the Defendant agreed to distribute oxycodone, hydromorphone, hydrocodone, alprazolam, or lorazepam;

(6) State with specificity and particularity the approximate dates of any meetings at which the Government contends the Defendant joined the conspiracy, the place where the agreement is alleged to have occurred, and the persons who witnessed said agreement;

(7) State with specificity and particularity any specific receipt or distribution of a controlled substance the Defendant is alleged to have committed in furtherance of the conspiracy, the dates, times, and places of said occurrences, and the witnesses to said occurrences;

(8) State with specificity and particularity the amount of oxycodone, hydromorphone, hydrocodone, alprazolam, or lorazepam the Defendant is alleged to have conspired to distribute;

(9) State with specificity and particularity the identity of any unindicted co-conspirators known to the Government and not made known to the grand jury that indicted the Defendant; and

(10) State with specificity and particularity the locations denominated as "and elsewhere" in Count One with reference to where the acts alleged to have been committed by the Defendant occurred.

Defendant Nichole Seal's Motion for Bill of Particulars [Doc. 193], asks the Court to order the

Government to provide a bill of particulars on the following:

With regard to Count Seven:

(1) Identify the property involved in a financial transaction that allegedly represented the proceeds of some form of unlawful activity;

(2) Specify the financial transaction that the Defendant conducted, assisted, or in some way participated;

(3) Specify the date on or about which the Defendant entered the money laundering conspiracy; and

(4) Specify whether the defendant acted with the intent to *both* "promote the carrying on of a specified unlawful activity" (§ 1956(a)(1)(A)(i)) *and* "conceal[] and disguise[] the nature of, the

location, source, ownership, and control of the proceeds of a specified unlawful activity" (§ 1956(a)(1)(B)(i)).

Defendant Jessica Wilson's Motion for Bill of Particulars [Doc. 174],[4] asks the Court to order the Government to provide a bill of particulars on the following:

> With regard to Count Seven:
>
> (1) Identify the date the Defendant is alleged to have entered or joined the conspiracy and the date which she is alleged to have withdrawn from the conspiracy, if different than the end date contained in Count Seven;
>
> (2) Identify the specific property that the Defendant is alleged to have exercised control over, or otherwise concealed and/or disguised as part of this conspiracy;
>
> (3) Identify any property involved in the alleged offense that is not currently listed in Count Seven;
>
> (4) Identify the date(s) and specific financial transaction(s) the Defendant is alleged to have conducted as part of the conspiracy;
>
> (5) Identify the overt act(s) the Defendant committed in furtherance of the conspiracy;
>
> (6) Identify the dollar amount or value of the property or financial transactions the Defendant is alleged to have conducted in furtherance of the conspiracy; and
>
> (7) Identify the names of any unindicted co-conspirators who participated in the activities charged in Count Seven of the Indictment.

Finally, Defendant Althea Gamble's Motion for Bill of Particulars [Doc. 201], as adopted by

---

[4]At the conclusion of argument on this matter at the May 13, 2011 hearing, Defendant Jessica Wilson adopted the arguments of Defendants Nichole Seal and Althea Gamble by oral motion. Defendants Nichole Seal and Althea Gamble each adopted the arguments of one another and of Defendant Jessica Wilson, as well. Per the Defendants' requests, the Court will treat Defendants Jessica Wilson, Nichole Seal, and Althea Gamble as though they have made all of the same arguments and the rulings as to each individually will apply to all three.

Defendant Leonard King Bussell, now deceased, asks the Court to order the Government to provide a bill of particulars on the following:

> With regard to Count Seven:
>
> (1) Identify the specific financial transaction(s) that the Government contends the Defendant conducted, assisted, or in any way participated, and the dates and locations of the same;
>
> (2) Identify the specific property involved in each and every financial transaction that the Government contends represented the proceeds of unlawful activity;
>
> (3) Specify the dollar amount or value of the property or financial transactions the Government contends the Defendant conducted in furtherance of the conspiracy alleged;
>
> (4) Identify any property that the Government contends was involved in the offense charged, which is not listed in Count Seven;
>
> (5) Identify the specific date on or about which the Government contends that the Defendant entered into the money laundering conspiracy, and the date which the Government contends she left the conspiracy;
>
> (6) Provide the specific facts that support any contention of the Government that the Defendant acted with the requisite intent to "promote the carrying on of a specified unlawful activity" (§ 1956(a)(1)(A)(i)) and also to "conceal[] and disguise[] the nature of, the location, source, ownership, and control of the proceeds of a specified unlawful activity" (§ 1956(a)(1)(B)(i));
>
> (7) Identify the overt acts, and the dates and locations thereof, that the Government contends the Defendant committed in further of the conspiracy; and
>
> (8) Provide the names of any unindicted co-conspirators who the Government contends participated in the conspiracy.
> The Defendants contend that knowledge of these details is necessary to enable them

to prepare their defenses and to protect against the danger of future double jeopardy violations. The

Government responds [Docs. 121 and 231] that the Defendants' requests are improper attempts to exceed the scope of discovery allowed to them within the bounds of Rule 16 of the Federal Rules of Criminal Procedure and that the Defendants' intend to discover the legal theories upon which the Government will proceed at trial. The Government further asserts that the Indictment in this case is sufficiently detailed, containing the specific statutes it alleges the Defendants violated, the elements of the charges, and the time period and length of the charged conspiracies, giving the requisite notice and allowing the Defendants to adequately prepare their defenses.

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000)

(on sentencing issue). Guided by these principles, the Court turns to the Defendants' requests, grouping the similar requests by different Defendants together for consolidated and consistent rulings.

*(1) The Theory of Forfeiture of Currency, Real Property, and Vehicles in Counts One and Seven*

Defendants Kevin Trent Bussell and Geneva Bussell, through their adoption of Defendant Leonard King Bussell's motion, request particularization with regard to the theory under which their property is subject to forfeiture in Counts One and Seven of the Indictment. Specifically, the Defendants wish to know whether the currency seized, their real property, and the seized automobiles are subject to forfeiture because the property was used, or intended to be used, in furtherance of the alleged conspiracies, or whether it is subject to forfeiture because it constitutes property derived from illegal activity. The Government contends [Doc. 231] that the Indictment in this case does appropriately specify the grounds for forfeiture and that it alleges the grounds in the conjunctive. The Government cites United States v. McAuliffe, 490 F.3d 526, 534 (6th Cir. 2007), standing for the proposition that an indictment may charge an offense conjunctively "where a statute denounces the offense disjunctively," and at trial, "the government may prove and the trial judge may instruct in the disjunctive form used in the statute."

Here, the statutes under which forfeiture is alleged in the Indictment are 21 U.S.C. § 853, in the drug trafficking charge in Count One, and 18 U.S.C. § 982(a)(1), in the money laundering charge in Count Seven. The relevant portion of Count One of the Indictment [Doc. 3] states that the listed Defendants "shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such

offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense." The Indictment then lists the property allegedly subject to forfeiture. The forfeiture allegations in Count One track the language of 21 U.S.C. § 853(a)(1) and § 853(a)(2). The relevant portion of Count Seven states that the listed Defendants "shall forfeit to the United States any property real or personal, involved in such offense, and any property traceable to such property." This money laundering forfeiture allegation tracks the language of 18 U.S.C. § 982(a)(1).

The Court agrees with the Government that an indictment may charge in the conjunctive, and the charges may be proved in the disjunctive at trial. See McAuliffe, 490 F.3d at 534. Here, the Indictment appears to properly charge the forfeiture allegations, and the Government need not to limit itself to proving the drug trafficking forfeiture allegations under either § 853(a)(1) or § 853(a)(2) at this time. As currently charged, the forfeiture allegations in the Indictment cite specific statutory sections under which the property is alleged to be subject to forfeiture. Accordingly, the Indictment eliminates the danger of unfair surprise to the Defendants with regard to the forfeiture allegations and sufficiently narrows down the possible grounds upon which forfeiture could be sought by the Government, allowing the Defendants to prepare their defenses to those allegations. Defendant Leonard King Bussell's requests 1, 2, 3, 6, and 7, as adopted by Defendants Kevin Trent Bussell and Geneva Bussell, are **DENIED** at this time.

*(2) The Firearms*

Defendant Kevin Trent Bussell, through his adoption of Defendant Leonard King Bussell's motion, requests that the Court order the Government to provide specifics in reference to

the firearms seized by law enforcement and alleged in the Indictment to have been possessed by him.

Although Defendant Leonard King Bussell's request was made in reference to his firearms charge in Count Six, the Court will address this request as applied to Defendant Kevin Trent Bussell's firearms charges in Counts Three and Four, charging him with knowingly possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I), and knowingly possessing a stolen firearm in violation of 18 U.S.C. § 922(j).  At the May 13 hearing, the Defendant argued that the Government seized many firearms and that he is required to know which gun the Government seeks to prove at trial, and whether or not it was loaded, stolen, or in close proximity to the Defendant when it was seized, in order to ensure jury unanimity.  The Government responded that discovery typically gives defendants access to the requested details and eliminates the need for a bill of particulars.  The Government further contended that the details sought by the Defendant in this request could be found in inventories and photos of the executed search.  The Government indicated that it did not want to be wedded to one particular gun for proof at trial, when dozens of guns were seized during the execution of the search warrants in this case.

The specific type of firearm possessed or used in furtherance of a crime, including its make or model, is not an essential element of a crime.  See United States v. Robison, 904 F.2d 365, 369 (6th Cir. 1990); see also United States v. Hartz, 458 F.3d 1011, 1021 (9th Cir. 2006).  If an indictment charges a specific type of firearm, the grand jury has narrowed the indictment in a material way.  See United States v. Thompson, 515 F.3d 556, 566-67 (6th Cir. 2008).  In this case, the grand jury did not allege a specific type of firearm in any of the firearms charges in the Indictment.

After considering the arguments from the May 13 hearing and the evidence as a

whole, the Court declines to order that the Government provide a bill of particulars with regard to the specific firearms alleged to have been possessed, including the make and model, location of each when seized, whether each firearm was or was not loaded, or had ammunition in close proximity to it, whether each firearm was possessed legitimately or was stolen, and the Defendant's proximity to the firearms when they were seized by law enforcement on November 23, 2010. The Court finds that the Inventory Listing of All Items Seized at Search Warrant Site [Ex. 1 to Doc. 218] provides the Defendant with the make and model of the firearms seized and their general locations when seized. Several of the firearms listed have accompanying serial numbers. As to the Defendant's proximity to the firearms when they were seized, the Defendant should be aware of what his own location was during the execution of the search warrant, and each gun has a corresponding location listed on the inventory list.

At the May 13 hearing, the Government further proffered that the Defendant may have access to the firearms themselves by request and that the photos of the searches, combined with the information in the search warrant returns, provide the Defendant with all of the information he seeks. The purpose of a bill of particulars is not to obtain information which a defendant may obtain through other sources, and it appears here that the Defendant has access to much of the requested information. See Paulino, 935 at 750. Accordingly, Defendant Leonard King Bussell's request 4, as adopted by Defendant Kevin Trent Bussell, is **DENIED** at this time. If the Defendant determines that he requires further discovery on this issue, he may ask the Court for leave to file a motion at that time.

*(3) Overt Acts and Other Specifics of the Conspiracies*

Many of the Defendants' motions request that the Court order the Government to

inform them of specific aspects of their roles, actions, and items used in the alleged conspiracies. Each of these requests, along with the requests which specifically address overt acts, will be treated by the Court as requests for designation or disclosure of overt acts in furtherance of the charged conspiracies. Defendants are not "entitled to discover all the overt acts that might be proven at trial" in a bill of particulars. Salisbury, 983 F.2d at 1375. A request for a bill of particulars likewise may not be granted if the purpose "is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." United States v. Musick, 291 F. App'x 706, 724 (6th Cir. 2008). Moreover, with regard to the requests referencing Count Seven, the Supreme Court has held that no overt act in furtherance of the conspiracy must be proven for a conviction on a conspiracy to commit money laundering charge under 18 U.S.C. § 1956(h). Whitfield v. United States, 543 U.S. 209, 219 (2005). The Sixth Circuit has interpreted this ruling to mean that an indictment charging a money laundering conspiracy need not charge an overt act, as an overt act is not a necessary element of § 1956(h). Musick, 291 F. App'x at 715.

The Government represented at the May 13 hearing that it had provided extensive discovery to the Defendants, including financial documents related to the alleged money laundering conspiracy and the properties involved in it. The Court finds that the Indictment, when taken together with the information disclosed to the Defendants through discovery, provides sufficient details to allow the Defendants to prepare for trial and to minimize the danger of surprise at trial. See Birmley, 529 F.2d at 108. Accordingly, Defendant Leonard King Bussell's request 3, as adopted by Defendants Kevin Trent Bussell and Geneva Bussell, Defendant Randy Williams' requests 2, 3, and 7, as adopted by Defendant Kevin Trent Bussell, Defendant Nichole Seal's requests 1 and 2, Defendant Jessica Wilson's requests 2, 4, 5, and 6, and Defendant Althea Gamble's requests 1, 2,

3, and 7, are **DENIED.**[5]

*(4) Unindicted Co-Conspirators*

Defendant Kevin Trent Bussell, through his adoption of Defendant Randy Williams'

motion, and Defendants Althea Gamble, Jessica Wilson, and Nichole Seal, through her oral adoption

of the arguments of Defendants Gamble and Wilson at the May 13 hearing, each request that the

Court order the Government to provide a list of individuals who acted in concert or conspired with

them, were present during conversations or transactions related to the conspiracy, or may otherwise

be classified as unindicted co-conspirators.

As the purpose of a bill of particulars is not to learn all of the government's evidence

and theories for trial, a defendant is not entitled to obtain a bill of particulars listing the government's

witnesses or discovering all overt acts that the government may prove at trial. United States v.

Largent, 545 F.2d 1039, 1043 (6th Cir. 1976); see also Salisbury, 983 F.2d at 1375. Moreover, "the

[g]overnment is not required to furnish the names of all other co-conspirators in a bill of particulars."

United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004) (citing United States v. Rey, 923 F.2d

1217, 1222 (6th Cir. 1991)). "A defendant may be indicted and convicted despite the names of his

co-conspirators remaining unknown, as long as the government presents evidence to establish an

---

[5]Some of the Defendants' requests treated as requests for disclosure of overt acts request specifics related to the financial transactions which they are alleged to have taken part in and the specific dollar amounts of the properties and financial transactions that the Government seeks to attribute to each Defendant under Count Seven. The Court finds that requiring the Government to disclose the specific financial transactions and the dates on which they took place is functionally equivalent to requiring them to disclose overt acts which the Government seeks to prove at trial, which is not required. Moreover, the Government represented at the May 13 hearing that it was providing the Defendants with financial documents which would answer most of their questions related to this matter.

agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction." <u>Rey</u>, 923 F.2d at 1222 (citing <u>Rogers v. United States</u>, 340 U.S. 367, 375 (1951); <u>United States v. Piccolo</u>, 723 F.2d 1234, 1238-39 (6th Cir. 1983), <u>cert. denied</u>, 466 U.S. 970 (1984)).

In this case, the Indictment lists a significant number of the co-conspirators alleged to have participated in both the drug trafficking and money laundering conspiracies, and the Government is not required to further disclose the names of unindicted individuals or Government witnesses. Accordingly, Defendant Randy Williams' requests 1, 5, 6,[6] and 9, as adopted by Kevin Trent Bussell, Defendant Althea Gamble's request 8, Defendant Jessica Wilson's request 7, and Defendant Nichole Seal's requests through oral adoption, are **DENIED**.


*(5) Dates of Entry into and Exit from the Conspiracy*

Defendant Kevin Trent Bussell, through his adoption of Defendant Randy Williams' motion, and Defendants Nichole Seal, Jessica Wilson, and Althea Gamble request that the Court order the Government to provide them with the specific dates each of them entered the alleged conspiracies. Defendant Jessica Wilson, Althea Gamble, and Nichole Seal, through her oral adoption of the arguments of Defendants Wilson and Gamble at the May 13 hearing, also request that the Government specify the exact date of their withdrawal from the conspiracy, if different than the end date of the conspiracy alleged in Count Seven. Defendant Kevin Trent Bussell's request is made with regard to Count One. Count One and Count Seven of the Indictment each allege that the charged conspiracies began on or about October 2008 and continued until on or about December 7,

---

[6]This request also involves requests for information about meetings, which may fall under the requests for disclosure of overt acts, which were also denied above.

2010. Therefore, the crimes are alleged to have taken place over a span of approximately twenty-six months.

The Government cites United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004), in support of its argument that it should not be required to disclose specific dates of entry and exit to each Defendant prior to trial. In Robinson, the Sixth Circuit found that the district court did not abuse its discretion when it declined to order a bill of particulars when the superseding indictment in the case charged that the "conspiracy commenced on or about April of 1999 and extended until at least August of 2000."[7] Id. at 867.

At the May 13 hearing, the Government represented that it was providing the Defendants, through discovery, with bank account information, which would allow them to see the names on the accounts and the wire transfer information relevant to this case. The Government also asserted that the affidavits in support of the wiretap applications [Doc. 327] and search warrants [Docs. 235-248] in this case provide additional answers to the requests of the Defendants. The Court notes that the bank account information provided to the Defendants should indicate to them the dates on which some transactions that will be attributed to them occurred and that this information should provide them with approximate dates of their involvement in the conspiracy. The Court also notes that it ordered [Doc. 343] that the Government designate to the Defendants which telephone calls produced by the wiretaps it intends to use in its case-in-chief one week prior to the plea negotiation cut-off deadline, presently set as January 3, 2012. When the Government makes this designation to the Defendants, the Defendants should get further indication as to the dates which the Government

---

[7]The Government's brief erroneously states that the indictment in that case alleged a conspiracy from April 1999 until August 2004, rather than August 2000. [See Doc. 231 at 3-4].

seeks to prove they were involved in the conspiracy.

Nevertheless, the Court finds that given the number of Defendants charged in this case, the Government shall be required to provide a bill of particulars listing the approximate date of entry into the conspiracy for each Defendant, if known to the Government, one week prior to the plea negotiation cut-off deadline, when the telephone call designations are to be provided to the Defendants. The Government will not be required to particularize dates of exit from the conspiracy, as the date of December 7, 2010 in the Indictment, when taken together with all other discovery information the Defendants will have access to, provides the Defendants with sufficient notice for purposes of trial preparation and sufficient protection from double jeopardy. Accordingly, Defendant Randy Williams' request 4, as adopted by Defendant Kevin Trent Bussell, Defendant Nichole Seal's request 3, Defendant Jessica Wilson's request 1, and Defendant Althea Gamble's request 5 are **GRANTED** to the extent that they request specification of the date of entry into the conspiracies alleged. The Government is **ORDERED** to particularize to the Defendants the dates on which it alleges the requesting Defendants entered into the conspiracies with which they are charged one week prior to the plea negotiation cut-off deadline, presently set as **January 3, 2012**.

*(6) Amount of Drugs Conspired to Distribute*

Defendant Kevin Trent Bussell, through his adoption of Defendant Randy Williams' motion, requests that the Court order the Government to specify the amount of oxycodone, hydromorphone, hydrocodone, alprazolam, and lorazepam he is alleged to have conspired to distribute in Count One. The Court notes that Count One of the Indictment lists each of these controlled substances and alleges only "a quantity of a mixture and substance containing a detectable

amount" of each drug [Doc. 3].  Defendant Randy Williams summarily requested this information, and Defendant Kevin Trent Bussell adopted it without elaboration.  While the Court recognizes that the amount of drugs may affect the Defendant's Base Offense Level for sentencing purposes under U.S.S.G. § 2D1.1(c), the statutes under which he is charged in Count One carry no statutory minimum, and mandatory maximum sentences of twenty years and five years, respectively.  See 21 U.S.C. § 841(a)(1); 841(b)(1)(C); 841(b)(2).  While an indictment must set forth the elements of a crime, "it need not set forth factors relevant only to sentencing of an offender found guilty of the charged crime."  Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998); see also United States v. Perez-Olalde, 328 F.3d 222, 224 (6th Cir. 2003).  Defendant Kevin Trent Bussell offered no reason specific to him for why he needs the requested information, and he provided the Court with no legal support for the grant of his request.  Accordingly, Defendant Randy Williams' request 8, as adopted by Defendant Kevin Trent Bussell, that the Court order the Government to specify the amounts of each drug alleged in Count One, is **DENIED**.

*(7) Specific Facts Supporting Theory of Money Laundering*

Defendants Nichole Seal, Althea Gamble, and Jessica Wilson, through her oral adoption of the arguments of Defendants Seal and Gamble at the May 13 hearing, request that the Court order the Government to specify under which theory of money laundering the Government intends to proceed against them to prove the allegations in Count Seven at trial and to provide specific facts to support either or both of the theories.  Specifically, the Defendants wish to have clarification and facts regarding whether the Government seeks to prove the money laundering allegations under 18 U.S.C. § 1956(a)(1)(A)(i), or under 18 U.S.C. § 1956(a)(1)(B)(i), both of which

18

are cited in Count Seven of the Indictment. As discussed above, the purpose of a bill of particulars is not "for the defense to obtain detailed disclosure of all evidence held by the government before trial." Salisbury, 983 F.2d at 1375. Accordingly, the Court denies the Defendants' requests to the extent that they request that the Court order a bill of particulars identifying "the specific facts that support any contention" that the Defendants "acted with the requisite intent" under the charged statute.

As to the request that the Government specify whether the Defendants are alleged to have acted both with the intent to "promote the carrying on of a specified unlawful activity," under 18 U.S.C. § 1956(a)(1)(A)(i), and "knowingly that the transaction [was] designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds or specified unlawful activity," under 18 U.S.C. § 1956(a)(1)(B)(i), as stated above, an Indictment may charge a violation in the conjunctive "where a statute denounces the offense disjunctively,"and the government may prove in the disjunctive form used in the statute at trial. See McAuliffe, 490 F.3d at 534. Here, the money laundering statute is written in the disjunctive, "or," and Count Seven of the Indictment charges in the conjunctive, "and." The Indictment lists only two of the four possible § 1956 subsections, already minimizing some surprise at trial. The Government may prove that the Defendants' conduct and intent falls under either or both charged subsections of § 1956 at trial, and the Court sees no reason to limit the Government in its proof at this time. The contents of the Indictment and the financial documents provided through discovery, together with the designation of telephone conversations previously ordered by the Court [Doc. 343] and the affidavits attached in support of the wiretap applications and search warrants in this case, provide the Defendants with sufficient information to prepare their defenses, without requiring the

19

Government to disclose its full theory in advance of trial.

Accordingly, Defendant Nichole Seal's request 4, Defendant Althea Gamble's request 6, and Defendant Jessica Wilson's adoption of both, are **DENIED**.

*(8) Property Not Listed in Count 7*

Defendants Jessica Wilson, Althea Gamble, and Nichole Seal, through her oral adoption of the arguments of Defendants Wilson and Gamble at the May 13 hearing, request that the Court order the Government to identify any property, which was involved in the money laundering conspiracy alleged in Count Seven but not listed therein. At the May 13 hearing, the Government advised the Court that the property listed in Count Seven is the exhaustive list of property alleged to have been involved in the money laundering conspiracy. The Government further advised that if it decides at a later time that it will seek to prove additional property at trial, the Government will move the Court to file its own bill of particulars on that issue. Accordingly, the Court finds no necessity for particularization as to the property listed in Count Seven, and Defendant Jessica Wilson's request 3, Defendant Althea Gamble's request 4, and Defendant Nichole Seal's adoption thereof, are **DENIED** at this time.

*(9) "And Elsewhere" as Locations Where the Conspiracy Took Place*

Defendant Kevin Trent Bussell, through his adoption of Defendant Randy Williams' motion, requests that the Court order the Government to specify the locations encompassed in "and elsewhere," in addition to the Eastern District of Tennessee, in Count One. At the May 13 hearing, the Government instructed that the "and elsewhere" in the Indictment referred to Michigan, Florida,

and Georgia, and defense counsel conceded that the locations of "and elsewhere" are at least somewhat apparent from reviewing the discovery provided to the Defendants by the Government.

Nevertheless, the Court finds that the locations expressed as "and elsewhere" in the Indictment should be particularized. The Sixth Circuit has affirmed the provision of the location of the offense in a bill of particulars. See, e.g., United States v. Sanders, 462 F.2d 122, 123 (6th Cir. 1972) (affirming provision of particular place where possession of unregistered, sawed-off shotgun occurred as well as the city and state). The Court finds that particularization of the locations beyond "the Eastern District of Tennessee" will assist the Defendant in the preparation of his defense. Accordingly, the Court directs that the Government provide a bill of particulars listing all locations that comprise the "and elsewhere" in which the crimes in Count One are alleged to have occurred. Defendant Randy Williams' request 10, as adopted by Kevin Trent Bussell, is **GRANTED**.

## CONCLUSION

For the reasons given above, the Defendants' motions for bills of particulars [**Doc. 96, Doc. 120, Doc. 174, Doc. 193, and Doc. 201**], as adopted [**Doc. 343**], where appropriate, are **GRANTED in part**, in that the Government is order to provide a bill of particulars:

> (1) Listing the dates on which it alleges the Defendants entered into the conspiracies with which they are charged, one week prior to the plea negotiation cut-off deadline, presently set as **January 3, 2012**; and
>
> (2) Listing all locations that comprise "and elsewhere," where the crimes are alleged to have taken place, as stated in Count One.

The Defendants' motions for bills of particulars [**Doc. 96, Doc. 120, Doc. 174, Doc. 193, and Doc. 201**] are **DENIED in all other respects**.

           **IT IS SO ORDERED.**

                                 ENTER:

                                 <u>   s/ C. Clifford Shirley, Jr.   </u>

                                 United States Magistrate Judge