UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-159 |
| | ) | |
| KEVIN TRENT BUSSELL, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. This case came before the Court on July 13, 2011, for a motion hearing to address the Government's Motion for Review of Representation [Doc. 299], filed on June 27, 2011. Assistant United States Attorney Alexandra Hui was present representing the Government. Attorney John E. Eldridge was present representing Defendant Kevin Trent Bussell, who was also present. Attorney David H. Dupree, who represents Defendant Jeff Adcock, was present, without his client, as an observer to the hearing.

The Government asks the Court to conduct an inquiry into the nature and extent of a potential conflict of interest related to Attorney Eldridge's current representation of Defendant Kevin Trent Bussell. It asserts that Mr. Eldridge has previously represented at least four cooperating co-defendants (Kenneth Trent Mason,[1] Christopher Ray "Robbie" Mason,[2] Jeff Adcock, and

---

[1] Mr. Eldridge denies that he represented Kenneth Trent Mason.

[2] Although defense counsel referred to this individual as Ray Christopher Mason, the Court will use the name listed in the Indictment.

Amanda Bible)[3] in state criminal matters involving the sale and delivery of oxycodone pills. The Government believes that the prior state convictions are substantially related and factually intertwined with the conspiracy to distribute controlled substances at issue in this case, because the incidents leading to the state convictions occurred during the alleged time frame of the present conspiracy and also involved the sale and delivery of oxycodone pills. During the hearing, the Court learned that two of the cooperating co-defendants, Christopher Ray Mason and Jeff Adcock, have not signed written waivers of any conflict resulting from Attorney Eldridge's present representation of Defendant Kevin Trent Bussell. AUSA Hui informed the Court that defense counsel for Defendant Christopher Ray Mason stated that Defendant Mason refuses to sign such a waiver. AUSA Hui also stated that she intends to call all four of the cooperating co-defendants (Kenneth Trent Mason, Christopher Ray Mason, Jeff Adcock, and Amanda Bible) to testify at trial. AUSA Hui spoke specifically of the fact that Defendant Christopher Ray Mason will testify at trial because she was aware that he declined to sign a conflict waiver.

The Government argues that Attorney Eldridge's continued representation of Defendant Kevin Trent Bussell (1) presents an actual and irreconcilable conflict of interest because this case is factually intertwined with the previous state cases in which Mr. Eldridge represented co-defendants, and (2) that this conflict creates the potential to adversely affect Mr. Eldridge's representation of Defendant Bussell when Defendant Christopher Ray Mason and the other cooperating co-defendants testify at trial. AUSA Hui argued that Mr. Eldridge might not rigorously cross-examine the cooperating co-defendants out of fear of treading upon information gained during

---

[3]The Government asserts that Mr. Eldridge also represented Defendant Billy Mize but that Mize is not cooperating with the Government, so this potential conflict does not create a problem.

his prior attorney-client relationship with them. Additionally, AUSA Hui expressed the Government's concern about a reversal of any conviction of Defendant Bussell should a conflict of interest later be found. Finally, the Government argues that Defendant Christopher Ray Mason's refusal to sign a waiver of conflict is fatal to Mr. Eldridge's continued representation under the Tennessee Rules of Professional Conduct.

Mr. Eldridge responds that no conflict of interest exists under the Tennessee Rules of Professional Conduct as a result of counsel's previous representation of Defendant Christopher Ray Mason, who has entered a guilty plea in the instant case and awaits sentencing, and his current representation of Defendant Kevin Trent Bussell. In support of this position, Mr. Eldridge has filed a sealed affidavit [Doc. 312]. At the motion hearing, Mr. Eldridge stated that he examined the potential for a conflict when Defendant Bussell contacted him for representation in this case and that he determined that no conflict existed. Mr. Eldridge asserted that although his representation of Defendant Bussell in this matter is perhaps related to the co-defendants' state charges, it is not *substantially* related, because this case involves a long-term conspiracy and the state cases involved single sales of controlled substances.

Mr. Eldridge also assured the Court that he knows of no information that he gained from previously representing Defendant Christopher Ray Mason, which could be used in his representation of Defendant Bussell in this case.[4] Additionally, Mr. Eldridge argued that the potential for a later reversal is not an issue in this case because Defendant Kevin Trent Bussell has signed a written waiver of any conflict resulting from counsel's prior representation of Christopher

---

[4]Mr. Eldridge reserved comment on any information that he might have learned from the other cooperating co-defendants because he was not aware that they would testify against Defendant Kevin Trent Bussell.

3

Ray Mason and was willing to sign waivers for Jeff Adcock, and Amanda Bible as well. He contends that he also has a waiver from Amanda Bible and that waivers from Jeff Adcock and Christopher Ray Mason are not required in this case because he gained no confidential information in his representation of them that he could now use in defending the instant case against Defendant Bussell.

Mr. Eldridge asked the Court to inquire of Defendant Bussell whether he was satisfied that his defense in this case would not be compromised by Mr. Eldridge's prior representation of the cooperating co-defendants. Pursuant to questioning by the Court, Defendant Kevin Trent Bussell stated that he understood the issue before the Court and felt that he had sufficiently discussed the issue with Mr. Eldridge. He stated that he understood the potential problems arising from Mr. Eldridge's representation of him in this case, after Mr. Eldridge previously represented co-defendants on their state drug charges. Defendant Bussell stated that he still wanted Mr. Eldridge to represent him and that he is willing to waive any conflict. Defendant Bussell stated that he understood that by waiving the conflict now, he was giving up the right to challenge the conflict at a later time.

Attorney Dupree informed the Court that although Defendant Adcock was previously represented by Mr. Eldridge, Mr. Dupree believed that the state court ultimately appointed another attorney, who represented Defendant Adcock in court. He stated that he did not know of any concerns that Defendant Adcock had with regard to confidential information that Mr. Eldridge may have gained during the prior representation.

The Court recognizes that the Sixth Amendment right to counsel encompasses the right to have representation that is not inhibited or impaired by the attorney's duty to simultaneously

represent conflicting interests. Glasser v. United States, 315 U.S. 60, 70 (1942), superseded by statute on other grounds, Fed. R. Evid. 104, as recognized in Bourjaily v. United States, 483 U.S. 171, 172 (1987). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). The Sixth Circuit Court of Appeals has held that "'when a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). A court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

"Successive representation occurs where defense counsel has previously represented a co-defendant or trial witness." Moss v. United States, 323 F.3d 445, 460 (6th Cir. 2003). In the present case, Mr. Eldridge's representation of Defendant Kevin Trent Bussell after having previously represented several of Defendant Bussell's co-defendants presents a situation of successive representation. In McNeal v. United States, 17 F. App'x 258 (6th Cir. Apr. 11, 2001), the Sixth Circuit addressed a situation similar to that in this case. In a §2255 petition, McNeal for the first time raised a claim that one of the attorneys for a cooperating witness had a conflict of interest at trial. Id. at 260. Arguing a claim of ineffective assistance of counsel,[5] McNeal contended

---

[5]McNeal attacked his conviction on the basis that his trial and appellate counsel were both ineffective because they were aware of the situation with his prior attorney and did not object or raise a claim based on that successive representation.

5

that his attorney on previous state drug charges met with him while he was detained prior to trial on the federal charges against him. Id. This attorney was representing a cooperating government witness at the time, and the cooperating witness implicated McNeal and other co-defendants through his testimony at trial. Id.

On appeal, McNeal claimed not that his trial attorney in his federal case had a conflict of interest but that his former counsel from his state charges violated the Michigan Rules of Professional Conduct in representing the cooperating witness in the federal proceedings against him. Id. at 262. "McNeal claim[ed] that, because of this conflict of interest, he had the right to prevent [his attorney on his state charges] from representing the primary witness against him." Id. In support of that argument, McNeal "not[ed] that an attorney has an actual conflict of interest when he has previously represented a person who will be called as a witness against a current client at a criminal trial." Id. at 262-63 (citing United States v. McCutcheon, 86 F.3d 187, 189 (11th Cir. 1996) (per curiam)). Due to the fact that McNeal sought to advance the inverse argument, that an "attorney who previously represented a defendant against whom his current client will testify" should be disqualified, the Sixth Circuit determined that no Sixth Amendment violation existed in McNeal's case. Id. at 263-65. Despite stating that there may have been an ethics violation through the representation, the Sixth Circuit made its finding because the attorney who represented McNeal on his state charges did not represent him in the federal action, and the attorney who did, did not have a conflict, rendering an ineffective assistance of counsel claim inappropriate. Id.

In conducting its analysis, the Sixth Circuit in McNeal distinguished the case from McCutcheon. Id. at 63. In McCutcheon, the Eleventh Circuit held that the district court was correct in its disqualification of the attorney from representing McCutcheon because the attorney's prior

6

representation of a McCutcheon's co-defendant "created an ethical conflict that would disqualify him from cross-examining" the co-defendant. 86 F.3d at 189. In that case, the co-defendant refused to waive any privilege related to the attorney's prior representation of him, and he represented to the trial court that he had confided personal background information about himself to the attorney. Id. at 188. As in the present case, McCutcheon sought to waive any conflict arising out of his attorney's prior representation of his co-defendant. Id. at 189. The Eleventh Circuit held, however, that under the district court's broad discretion in refusing waivers of conflicts of interest where there is an actual or potential conflict, the court appropriately refused to allow the waiver to control. Id. Moreover, the Eleventh Circuit pointed out that the ethical responsibility sought to be protected was not only that to McCutcheon but also to the co-defendant, who refused to waive the conflict. Id. at 190.

This Court has adopted the Tennessee Rules of Professional Conduct adopted by the Tennessee Supreme Court insofar as they relate to matters within the jurisdiction of the Court. E.D. Tenn. Local R. 83.6 (2008). Rule 1.9 of the Tennessee Rules of Professional Conduct[6] addresses conflicts of interests with former clients. Rule 1.9 instructs:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client gives informed consent, confirmed in writing.

Tenn. Sup. Ct. R. 8, RPC 1.9(a). When determining whether the representation is appropriate, a court should consider "the scope of the representation in the former matter, the scope of the

---

[6]The Tennessee Supreme Court adopted the first set of comprehensive amendments to the Tennessee Rules of Professional Conduct by order on September 29, 2010, and the Revised Tennessee Rules of Professional Conduct became effective on January 1, 2011. Tenn. Sup. Ct. Ord. No. M2009-00979-SC-RL1-RL.

proposed representation in the current matter, and its relationship to the former matter." Tenn. Sup. Ct. R. 8, RPC 1.9 cmt. 2. The question for the court then becomes "whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." Id. The term "substantially related" is defined as matters that involve:

> [T]he same transaction or legal dispute or other work the lawyer performed for the former client or if there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter, unless that information is generally known.

Tenn. Sup. Ct. R. 8, RPC 1.9 cmt. 3. However, "[a]ny conclusion or presumption concerning the type of confidential factual information that would normally have been obtained in the prior representation may be overcome or rebutted by the lawyer by proof concerning the information actually received in the prior representation." Id.

At the July 13, 2011 hearing, the Court asked Defendant Bussell a series of questions to assure itself that he understood his right to conflict-free counsel and to determine if he wished for Mr. Eldridge to continue to represent him. After acknowledging the potential problems with retaining Mr. Eldridge as counsel, Defendant Bussell stated that he still wanted Mr. Eldridge to represent him. Defendant Bussell also expressed that he was willing to give up his right to conflict-free counsel by waiving any conflict or potential conflict. As discussed above, however, the Government asserted that Defendant Christopher Ray Mason refuses to waive any such conflict. The Government contends that the refusal to sign a waiver, combined with the testimony of the co-defendants at trial, gives rise to interests of the co-defendants, which would be materially adverse to those of Defendant Bussell.

In this case, the Court analyzes a case of an actual conflict of interest arising from successive

8

representation. See Moss, 323 F.3d at 460. In a case where counsel is burdened by an actual conflict of interest, the duty of loyalty is breached, which is one of the most basic duty of an attorney. See Cuyler v. Sullivan, 446 U.S. 335, 356 (1980). Here, the duty of loyalty of counsel concerns not only Defendant Bussell but also Defendant Christopher Ray Mason. As stated in Rule 1.9(a), an attorney who has formerly represented a person shall not thereafter represent a different client "in the same or substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client gives informed consent, confirmed in writing." Tenn. Sup. Ct. R. 8, RPC 1.9(a). Here, Attorney Eldridge represented Defendant Mason on state charges involving oxycodone sale and delivery alleged to have taken place during the time period of the conspiracy to distribute oxycodone and other pills alleged in the Indictment in this case. The Court finds that the fact that the state and federal charges encompass the same time period and allege the same activities renders them substantially related for purposes of Rule 1.9(a).

Moreover, Comment 3 to Rule 1.9 informs that "matters are 'substantially related' . . . if there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter, unless that information is generally known." Tenn. Sup. Ct. R. 8, RPC 1.9 cmt. 3. Mr. Eldridge claims that he did not learn any confidential information through his representation of Defendant Mason that will materially advance Defendant Bussell's position in the current case. He claims that any information which he learned through his representation of Defendant Mason has likewise been learned through his representation of Defendant Bussell. The Court does not find that position persuasive in light of the fact that counsel for Defendant Bussell will be required to

9

vigorously cross-examination Defendant Mason at trial. The Court finds that the interrelatedness of the matters involved in the state and federal drug charges and Defendant Mason's alleged participation in the drug conspiracy charged here necessarily instruct that the facts learned through the representation of each defendant will overlap and relate.

Additionally, although the interests of Defendants Bussell and Mason may not be "materially adverse" at this time, the Government has represented that Defendant Mason is cooperating and will testify against Defendant Bussell at the trial in this matter. The Court finds that at the point at which Defendant Mason testifies at trial, the interests of Defendants Mason and Bussell will be materially adverse to one another, and an actual conflict will arise from the cross-examination of Defendant Mason by Attorney Eldridge. Defendant Mason refuses to waive any conflict in this case, in writing or otherwise. Accordingly, the fact that Defendant Bussell will sign a waiver does not satisfy the requirements of Rule 1.9(a), requiring that the *former* client give informed consent, in writing. See Tenn. Sup. Ct. R. 8, RPC 1.9(a).

Although the Court recognizes the importance of a defendant securing representation of the counsel of his choice, this right is not absolute and "may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat, 486 U.S. at 160 (1988). In this case, the Court finds not only that there is a serious potential for conflict arising from Attorney Eldridge's continued representation of Defendant Bussell but also finds that an actual conflict will arise when Defendant Mason is called to testify at trial. In this case of successive representation, the Court's concerns affect both Defendant Bussell's need to have counsel, who can zealously advocate for his interests, and Defendant Mason's rights as Attorney Eldridge's former client. Neither defendant will be served by allowing Attorney Eldridge to continue his

10

representation of Defendant Bussell.

The Court notes that it need not address potential conflicts arising from Attorney Eldridge's prior representation of Defendants Amanda Bible, Jeff Adcock, and Kenneth Trent Mason, because the Court finds that the potential conflict with Defendant Christopher Ray Mason is sufficient to require his disqualification.

The Motion for Review of Representation **[Doc. 299]** is **GRANTED** in that the Court has conducted a hearing on the alleged conflict and has found that a potential conflict of interest exists in this case. Accordingly, Attorney Eldridge is **DISQUALIFIED** from further representation of Defendant Kevin Trent Bussell. The Court encourages Defendant Bussell to obtain new representation by the motion hearing currently scheduled in this case for **January 10, 2012, at 1:30 p.m.**

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge