UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CR-159-1 |
| | ) | (VARLAN/SHIRLEY) |
| KEVIN TRENT BUSSELL, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The United States previously filed a motion for review of representation [Doc. 299]. In particular, the government moved the Court to inquire about a potential conflict of interest concerning the prior representation of certain co-defendants, who are cooperating with the government and expected to testify against the defendant at trial, by the defendant's attorney, John E. Eldridge [*Id.*]. The motion was referred to the magistrate judge, who held a hearing on the matter and subsequently entered a memorandum and order granting the government's motion and disqualifying attorney Eldridge from further representation of the defendant [Doc. 368].

In response to the magistrate judge's order, the defendant filed a motion to stay the implementation of the order, submitting that he intended on appealing the ruling to the District Court [Doc. 372]. After considering the potential prejudice to the government and the defendant's interest in continuity of counsel and representation of his own choice, as well as the public's interest in a speedy and fair trial and the Court's "independent interest in

assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings," the magistrate judge stayed the implementation of the order disqualifying attorney Eldridge so that the defendant could pursue an appeal of the order with the aid of attorney Eldridge [Doc. 372 (citation omitted)].[1]

The defendant subsequently filed an appeal of the magistrate judge's order regarding disqualification, which is presently before the Court [Doc. 374]. The government responded in opposition [Doc. 380]. The Court has carefully reviewed the relevant authority and filings, including the transcript of the hearing before the magistrate judge, and for the reasons explained herein, the Court will affirm the ruling of the magistrate judge.[2]

## I.  Background[3]

The basis for the government's motion to conduct an inquiry into the nature and extent of a potential conflict of interest regarding attorney Eldridge's current representation of the defendant stemmed from attorney Eldridge's representation of at least four cooperating co-defendants—Kenneth Trent Mason, Christopher Ray Mason, Jeff Adcock, and Amanda Bible—in state criminal matters involving the sale and delivery of oxycodone pills [Doc.

---

[1]The magistrate judge originally stayed implementation of the order for a period of thirty days, but later orally extended the stay through February 21, 2012 [Docs. 372, 383].

[2]Although the defendant requests oral argument in his appeal papers, the Court has reviewed all relevant filings and considered the matter, and finds that oral argument is not needed. Such request is hereby **DENIED**.

[3]Although the Court presumes familiarity with the facts and circumstances underlying the government's motion for review of representation, the Court briefly summarizes them, along with the magistrate judge's findings, here.

368]. The government submitted that these prior representations are substantially related and factually intertwined with the conspiracy to distribute controlled substances alleged in this case because the incidents leading to the state convictions occurred during the same time period as the conspiracy alleged in this case and involved the sale and delivery of oxycodone pills [*Id*.]. During the hearing before the magistrate judge, it was revealed that two cooperating co-defendants—Christopher Ray Mason and Jeff Adcock—had not signed written waivers of any conflict resulting from attorney Eldridge's representation of the defendant, and that Christopher Ray Mason has continued to refuse to sign such a waiver [*Id*.]. The government also informed the magistrate judge that it intended on calling all four cooperating co-defendants to testify against the defendant at trial [*Id*.].

Magistrate Judge Shirley identified this case as one of "successive representation," which occurs "where defense counsel has previously represented a co-defendant or trial witness" [*Id*. (quoting *Moss v. United States*, 323 F.3d 445, 460 (6th Cir. 2003)]. He then outlined certain case law and Rule 1.9 of the Tennessee Rules of Professional Conduct, which will not be discussed here but will be discussed later in this memorandum opinion and order [*Id*.]. After doing so and addressing the relevant facts, the magistrate judge found that not only was there a serious potential for conflict arising from attorney Eldridge's continued representation of the defendant but also that an actual conflict will arise when Christopher Ray Mason is called to testify at trial against the defendant [*Id*.]. Thus, neither the defendant

nor Christopher Ray Mason, he concluded, would be served by allowing attorney Eldridge to continue representing the defendant in this matter [*Id.*].[4]

## II. Standard of Review

Section 636(b)(1)(A) of Title 28 of the United States Code allows district judges, subject to certain exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). A district judge may reconsider any pretrial matter determined under "subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

## III. Analysis

The defendant does not object to the magistrate judge's identification of the applicable law relating to conflict-free representation, and the Court finds the magistrate judge correctly identified such:

> The Court recognizes that the Sixth Amendment right to counsel encompasses the right to have representation that is not inhibited or impaired by the attorney's duty to simultaneously represent conflicting interests. Glasser v. United States, 315 U.S. 60, 70 (1942), superseded by statute on other grounds, Fed. R. Evid. 104, as recognized in Bourjaily v. United States, 483 U.S. 171, 172 (1987). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). The Sixth Circuit Court of Appeals has held that "'when a trial court becomes aware of a potential conflict of interest, it is obligated to

---

[4]The magistrate judge did not address potential conflicts arising from attorney Eldridge's prior representation of Amanda Bible, Jeff Adcock, and Kenneth Trent Mason given his finding that the potential conflict with Christopher Ray Mason is sufficient to require disqualification.

4

pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). A court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

[Doc. 368].

As a general matter, however, the defendant argues that the findings of the magistrate judge "are inconsistent with the evidence before him" and that the magistrate judge "relied on case law that is inapposite to the instant situation" [Doc. 374]. He specifically takes issue with the magistrate judge's finding that attorney Eldridge's successive representation posed a conflict of interest under case law [*Id.*]. The defendant asserts that the magistrate judge's reliance upon *United States v. McCutcheon*, 86 F.3d 187 (11th Cir. 1996), was in error because it is factually distinguishable from this case [*Id.*].

Magistrate Judge Shirley discussed *McCutcheon* as follows:

> In McCutcheon, the Eleventh Circuit held that the district court was correct in its disqualification of the attorney from representing McCutcheon because the attorney's prior representation of a McCutcheon's co-defendant "created an ethical conflict that would disqualify him from cross-examining" the co-defendant. 86 F.3d at 189. In that case, the co-defendant refused to waive any privilege related to the attorney's prior representation of him, and he represented to the trial court that he had confided personal background information about himself to the attorney. Id. at 188. As in the present case, McCutcheon sought to waive any conflict arising out of his attorney's prior representation of his co-defendant. Id. at 189. The Eleventh Circuit held, however, that under the district court's broad discretion in refusing waivers of conflicts of interest where there is an actual or potential conflict, the court appropriately refused to allow the waiver to control. Id. Moreover, the Eleventh Circuit pointed out that the

5

ethical responsibility sought to be protected was not only that to McCutcheon but also to the co-defendant, who refused to waive the conflict. Id. at 190.

[Doc. 368]. The defendant argues *McCutcheon* is inapposite because, unlike here where there is no evidence that attorney Eldridge received any personal or confidential information in the course of representing Christopher Ray Mason, there was evidence that the first defendant in *McCutcheon* "'had confided (to the attorney) certain personal information concerning his background'" [Doc. 374 (citation omitted)].

While it was argued before the magistrate judge that attorney Eldridge did not learn any confidential information through his representation of defendant Christopher Ray Mason that would materially advance the defendant's position in the current case, Magistrate Judge Shirley considered this point and found it "unpersuasive" "in light of the fact that counsel for [d]efendant Bussell will be required to vigorously cross-examination [sic] [d]efendant Mason at trial" [Doc. 368]. The defendant does not demonstrate that this finding was clearly erroneous or contrary to the law, and the Court does not find that it is, especially in light of the Supreme Court's indication that such matters must be left to the informed judgment of the trial court. *See Wheat*, 486 U.S. at 164. Moreover, *McCutcheon* is at least persuasive authority regarding the weight a court should give a defendant's waiver of a conflict; the Eleventh Circuit refused to allow McCutcheon's waiver to control, focusing on the protection of the attorney's ethical responsibility to the co-defendant, who refused to waive any conflict. *See* 86 F.3d at 189. The same scenario and concern are present here, and the magistrate judge therefore was not in error in relying upon *McCutcheon* despite that attorney Eldridge

asserted he learned no personal or confidential information about Christopher Ray Mason's background.

The defendant also takes issues with the magistrate judge's finding that attorney Eldridge's successive representation posed a conflict of interest in light of Rule 1.9 of the Tennessee Rules of Processional Conduct [Doc. 374]. Rule 1.9(a) of the Tennessee Rules of Professional Conduct provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Tenn. Sup. Ct. R. 8, RPC 1.9(a). The term "substantially related" is defined as follows:

> Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or other work the lawyer performed for the former client or if there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter, unless that information has become generally known.

Tenn. Sup. Ct. R. 8, RPC 1.9 cmt. 3. "Any conclusion or presumption concerning the type of confidential factual information that would normally have been obtained in the prior representation[, however,] may be overcome or rebutted by the lawyer by proof concerning the information actually received in the prior representation." *Id.*

The defendant argues the magistrate judge's finding that the instant matter and the matter for which attorney Eldridge represented Christopher Ray Mason in state court are substantially related was based on speculation and surmise [Doc. 374]. He particularly points

to the following finding of the magistrate judge and argues there was no information, except for a temporal link, that the state drug charge of Christopher Ray Mason and the conspiracy alleged in this case are substantially related:

> Attorney Eldridge represented Defendant Mason on state charges involving oxycodone sale and delivery alleged to have taken place during the time period of the conspiracy to distribute oxycodone and other pills alleged in the Indictment in this case. The Court finds that the fact that the state and federal charges encompass the same time period and allege the same activities renders them substantially related for purposes of Rule 1.9(a).

[Doc. 368]. The defendant further argues that the magistrate judge "then jumps to the hasty conclusion that a conflict existed by saying that the 'inter-relatedness of the matters . . . necessarily instruct that the facts learned through the representation of each defendant will overlap and relate'" [Doc. 374 (citing Doc. 368)]. However, the defendant asserts, the magistrate judge was not familiar with the facts of the state case and the indictment in the instant case does not specify when Christopher Ray Mason joined the conspiracy [*Id.*]. He further asserts that if the state charges occurred during the alleged conspiracy, such would have been pled as a separate count in the indictment in this case [*Id.*].

The magistrate judge's finding regarding whether the instant matter and the matter for which attorney Eldridge represented Christopher Ray Mason in state court was not based upon speculation and surmise. Rather, it appears to have been based upon facts in the record and application of Rule 1.9(a) to those facts. First, attorney Eldridge's representation of Christopher Ray Mason concerned offenses occurring in March 2010 and the indictment in this case alleges a conspiracy beginning in or about October 2008 and continuing through on

8

or about December 7, 2010 [Doc. 3, 312-1].[5]  Second, although the defendant asserts that the only link between the state and federal charges was the time of each, the record reveals other "links" between the state and federal representations: (1) that the defendant himself funded the legal expenses of Christopher Ray Mason as well as directed and contributed information regarding his defense, and (2) that the state charges against Christopher Ray Mason and the instant charges involve essentially the same activities [Doc. 325].  These same considerations support the magistrate judge's conclusion that "the interrelatedness of the matters . . . necessarily instruct that the facts learned through the representation of each defendant will overlap and relate" [Doc. 368].  Moreover, as the government points out, the fact that Christopher Ray Mason's drug-distribution charges were not charged as part of the instant indictment is not determinative of whether they are substantially related to the conspiracy.  An act may be in furtherance of a conspiracy even it if is not charged as a separate offense in the indictment.  *See United States v. Deitz*, 577 F.3d 672, 678–79 (6th Cir. 2009) (affirming § 846 conviction where proof of a substantive drug offense, although not charged, was presented as proof of the conspiracy).

Finally, the defendant asserts it is his decision whether attorney Eldridge should represent him and that his waiver of any conflict should control [Doc. 374].  Magistrate Judge Shirley correctly noted, however, that the Supreme Court has held that "a court may

---

[5]The Court recognizes that Doc. 312-1 was filed under seal.  The Court cites from that document only the date of the relevant state-court offenses and finds it appropriate to do so given that the defendant himself acknowledges that such information was not filed under seal in state court and is a matter of public record [*See* Doc. 321].

conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings" [*Id.* (citing *Wheat*, 486 U.S. at 160)]. Although the defendant attempts to factually distinguish *Wheat*, the holding cited by the magistrate judge is nevertheless applicable, and the fact that the defendant waives any conflict of interest is not controlling.

## IV. Conclusion

For all the reasons stated herein, the Court finds Magistrate Judge Shirley's order is neither clearly erroneous nor contrary to law. The Court has reviewed Magistrate Judge Shirley's memorandum and order, the parties' arguments and submissions, and the relevant law, and determines that the magistrate judge fully and correctly considered the government's motion. Therefore, the Court hereby **AFFIRMS** the memorandum and order of Magistrate Judge Shirley granting the government's motion for review of representation and disqualifying attorney John E. Eldridge from further representation of defendant Kevin Trent Bussell in this matter [Doc. 368].

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE